

**SIGNED THIS 1st day of July, 2019**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

Rebecca B. Connelly
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Harrisonburg Division

| | |
|---|---|
| In Re:   Kasey Dellinger Strosnider and Bryan Allen Strosnider | Case No. 17-50517<br>Chapter 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

US BANK TRUST NATIONAL
ASSOCIATION AS TRUSTEE OF
CABANA SERIES III TRUST, Movant

vs.

Kasey Dellinger Strosnider
aka Kasey D. Strosnider, Debtor
Bryan Allen Strosnider
aka Bryan A. Strosnider, Debtor
Herbert L Beskin(82),  Trustee
                    Respondent(s)

**CONSENT ORDER AND STIPULATION MODIFYING AUTOMATIC STAY**

This matter is scheduled to be heard before the court on July 17, 2019, on the Motion of US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CABANA SERIES III TRUST, Movant, by its attorney Daniel E. Joslyn, Esq., for the relief from the automatic stay with respect to the property secured by the Deed of Trust dated October 26, 2005 and recorded amount the land records of County of County of Frederick, Virginia, and which encumbers the property of the Debtors at 441 Fair Lane, Winchester, Virginia 22603, and more particularly described as follows:

**EXHIBIT "A"**

ALL THAT CERTAIN LOT OR PARCEL OF LAND, TOGETHER WITH THE IMPROVEMENTS THEREON AND THE APPURTENANCES THEREUNTO BELONGING, LYING AND BEING SITUATE IN STONEWALL MAGISTERIAL DISTRICT, FREDERICK COUNTY, VIRGINIA, AND MORE PARTICULARLY DESCRIBED AND DESIGNATED AS LOT 1, FAIRLANE ORCHARD ESTATES, SECTION ONE, CONTAINING 5.5411 ACRES, AS SHOWN ON THE PLAT ATTACHED TO THE DEED OF DEDICATION DATED DECEMBER 6, 1996, OF RECORD IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF FREDERICK COUNTY, VIRGINIA, IN DEED BOOK 874, AT PAGE 906, ET SEQ.

FOR INFORMATIONAL PURPOSES ONLY: THE APN IS SHOWN BY THE COUNTY ASSESSOR A[REDACTED] SOURCE OF TITLE IS DOCUMENT NO. [REDACTED] (RECORDED 12/17/02)

Upon consideration of which, it is

**ORDERED**

1. The Debtor will resume making regular monthly installment payments in the amount of $2,664.93 as they become due commencing on July 1, 2019.

2. The Debtors shall cure the post-petition arrearage currently due to the Movant for June 2019 in the total amount of $2,278.85, which less a suspense balance of $386.08 by making the following payments:

    a. $379.81 on or before July 15, 2019

    b. $379.81 on or before August 15, 2019

    c. $379.81 on or before September 15, 2019

    d. $379.81 on or before October 15, 2019

    e. $379.81 on or before November 15, 2019

    f.   $$379.80 on or before December 15, 2019

3. In the event that any payment required by this order is not received by the Movant within 15 days after it is due, the Movant may mail a notice of default to the Debtor by first class mail, post prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, post prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

    a. That the debtor is in default in making at least one payment required under this order;
    b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
    c. The action necessary to cure the default, including any address to which payments must be mailed;
    d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default;
        i. Cure the default;
        ii. File an objection with the court stating that no default exists; or
        iii. File an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
    e. That if the debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may file a certificate that is has complied with the terms of this order, and that the court may grant relief from the automatic stay without further notice to the debtor; and
    f. That if the automatic stay is terminated; the collateral may be sold at foreclosure.

If the Debtor or trustee does not take one of the actions set forth in paragraph 3(d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph 3(d) and may submit together with the certificate a draft order terminating the automatic stay.

If the Debtor or trustee files an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

4. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing

5. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are without prejudice and shall not constitute a waiver of any default.

6. The automatic stay is modified to permit the Noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

7. Should relief be granted by the court, upon entry of the order granting relief from automatic stay of 11 U.S.C. §362, the Trustee will immediately cease making payments on the Movant's secured claim which were required by the plan. Any amended unsecured claim for a deficiency (which claim must include documents proving that it has liquidated its collateral and applied the proceeds of sale in accordance with the applicable state law) must be filed by the Movant within 180 days from the date on which the order lifting stay is entered, or such claim against the bankruptcy estate shall be forever barred.

**End of Order**

SEEN AND CONSENTED TO:

_____

/s/  Dinh H. Ngo, Esq.
Dinh H. Ngo, Esq.
McCabe, Weisberg & Conway, LLC
312 Marshall Avenue, #800
Laurel, MD 20707
VSB #85661
301.490.1196
*Attorney for Movant*

/s/ H. David Cox _____        (by Dinh Ngo, Esq. with permission from H. David Cox
H. David Cox                           based on FAX/email)
Cox Law Group, PLLC
900 Lakeside Drive                     X   /s/ Dinh Ngo_____
Lynchburg, Virginia  24501
*Attorney for Debtors*

/s/ Herbert L Beskin_____
Herbert L Beskin(82)                   (by Dinh Ngo, Esq. with permission from
PO Box 2103                            Herbert L Beskin(82)  based on FAX/email)
Charlottesville, Virginia  22902
*Trustee*                              X   /s/ Dinh Ngo_____

<u>Certification</u>

   I hereby certify that upon entry of the foregoing order copies will be mailed first class postage pre-paid to the following:

Kasey Dellinger Strosnider
441 Fair Lane
Winchester, Virginia  22603

Bryan Allen Strosnider
441 Fair Lane
Winchester, Virginia  22603

Copies will be sent electronically via the CM/ECF system to H. David Cox, Attorney for Debtors and Herbert L Beskin(82) , Trustee.

                /s/  Dinh H. Ngo, Esq.